3:15-CV-339-J 39JRK

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARTIN W. BROACH,  CASE NO.:

    Plaintiff,

v.

SNYDER'S LANCE, INC.,
a Florida Corporation, and
S-L DISTRIBUTION COMPANY, INC.,
a Florida Corporation.

    Defendants.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARTIN W. BROACH, on his own behalf ("Plaintiff"), by and through his undersigned counsel, was an employee of Defendants, SYNDER'S LANCE, INC., a Florida Corporation, and S-L DISTRIBUTION COMPANY, INC., a Florida Corporation ("Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), for unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other relief.

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages, and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for

1

health, efficiency, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers, and to the free flow of commerce, that double payment must be made in the event of a delay, in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

3. 29 U.S.C. § 207(a) requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works more than forty (40) hours during one, or more, workweeks.

4. This action seeks to recover judgment in favor of Plaintiff, and against the Defendants, under the FLSA to recover all damages, including but not limited to, overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief.

## PARTIES

5. At all times material hereto Defendant, SNYDER'S-LANCE, INC., was a Florida Profit Corporation.

6. At all times material hereto Defendant, SNYDER'S-LANCE, INC., conducted business in Duval County, Florida, and other surrounding counties, therefore venue is proper in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1391.

7. At all times material hereto Defendant, S-L DISTRIBUTION COMPANY, INC., was a Florida Profit Corporation.

8. At all times material hereto Defendant, S-L DISTRIBUTION COMPANY, INC., conducts business in Duval County, Florida, and other surrounding counties, therefore venue is proper in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1391.

9. At all times material to this action, Plaintiff was an employee of Defendants, SNYDER'S-LANCE, INC., and S-L DISTRIBUTION COMPANY, INC., in Duval County, Florida, for purposes of FLSA, and all other relevant statutes.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this Court because Plaintiff resides within the District, and Defendants maintain business operation within the District, and Plaintiff's claims accrued in this District.

## COVERAGE

12. At all material times during the last three (3) years, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e).

13. At all material times during the last three (3) years, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r), and § 203(s), as Defendants have employees engaged in commerce, and/or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and had, at all times material hereto, an annual gross sales volume of not less than five hundred thousand dollars ($500,000.00).

14. At all material times during the last three (3) years, Defendants were "employers" as defined by 29 U.S.C. § 203(d).

15. Defendants were, and continue to be employers as defined by 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

16. Defendants sale, and distribute various pretzel, and cracker, snack products throughout the State of Florida, and nationwide.

17. Plaintiff was an employee of Defendants as a "District Sales Manager" ("DSM") from 2008, to October 20, 2014, when his employment with Defendants was terminated.

18. Plaintiff's essential duties, and responsibilities included achieving quarterly sales forecast, assuring staffing remained within authorized levels, assisting route salespersons in achieving additional sales increases, and performing other job related projects, duties, and assignments as directed by Sales Management.

19. Plaintiff worked well over forty (40) hours per week in his capacity as a DSM, receiving some bonuses, but without receiving any overtime compensation.

20. Plaintiff was paid an hourly rate between $25.40, and $27.32, per hour in exchange for work performed as a DSM, from December 2011, through October 20, 2014.

21. Defendants independently contract with individuals to operate Defendants' delivery trucks, perform deliveries, and construct the display of the products purchased by the Defendants' customers.

22. Defendants purport to call these individuals "Independent Business Owners" ("IBOs"), not employees.

23. Defendants do not employ any "employees" responsible for operating the delivery trucks, performing the delivery, or constructing the display of the products purchased by their customers, as these duties and responsibilities are performed by IBOs.

24. Defendants assign the IBOs certain "routes" representing the IBO's territory.

25. During November, or December, of 2011, a "route" became and remained vacant for an extended period of time, and Plaintiff began operating delivery trucks, performing deliveries, and constructing product displays on behalf of the Defendants.

26. From December 2011, through October 20, 2014, Plaintiff spent in excess of twenty-five (25) hours per week operating delivery trucks, performing deliveries, and constructing product displays on behalf of the Defendants.

27. Plaintiff was not paid any compensation, overtime, or otherwise, in exchange for working for Defendants in his capacity as an IBO, and operating delivery trucks, performing deliveries, and constructing product displays on behalf of the Defendants.

28. Plaintiff routinely worked over twenty-five (25) hours per week for Defendants in his capacity as an IBO, and operating delivery trucks, performing deliveries, and constructing product displays on behalf of the Defendants, in addition to working over forty (40) hours per week for Defendants as a DSM.

29. Despite working well over forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of time-and-one-half his regular rate of pay for hours worked over forty (40) in a workweek.

30. Prior to Plaintiff's employment being terminated, Plaintiff was sanctioned for his performance as a DSM, and at such time explained to Defendants he could not meet the job

duties and responsibilities required of a DSM, while also being required to meet the job duties and responsibilities of an IBO.

31. Despite informing Defendants of their error in requiring Plaintiff to meet the job duties and responsibilities of a DSM, and an IBO, Defendants terminated Plaintiff on October 20, 2014.

32. Defendants knowingly, willfully, or with reckless disregard, carried out its illegal pattern, or practice, of failing to pay proper overtime compensation with respect to Plaintiff.

33. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

34. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

35. Plaintiff is committed to pursuing this action, and has retained competent counsel experienced in employment litigation.

36. Defendants have sole access, and control to Plaintiff's work hours, and work schedules, and therefore a majority of the relevant pay, and time records remain in the exclusive possession, control, and custody of Defendants.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION (FLSA)

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 36 above, as if set forth fully herein.

38. The FLSA creates private rights of action against any "employer" who violates its minimum wage, or overtime provisions.

39. The FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

40. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for his overtime hours pursuant to 29 U.S.C. § 207(a).

41. During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours per workweek, but was not paid time and one-half compensation for such work.

42. During his employment by Defendants, Plaintiff worked an average of sixty-five (65), to eighty (80), hours per week, and worked more on some weeks.

43. Defendants intentionally and willingly misclassified Plaintiff as an "exempt" employee for the purpose of avoiding payment of one and one-half Plaintiff's regular rate for every hour worked in excess of forty (40) hours per week.

44. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each overtime hour worked per workweek in one (1), or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

45. Plaintiff is entitled to an award of such damages, attorney's fees, and costs pursuant to 29 U.S.C. §216(b).

46. As a further result of Defendants intentional, willful, and unlawful refusal to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) hours per workweek in one (1), or more work weeks, Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 216(b).

WHEREFORE, the Plaintiff, MARTIN W. BROACH, respectfully requests this Court award the following relief:

A. Judgment against Defendants for knowingly, and willfully violating 29 U.S.C. § 207, of the Fair Labor Standards Act;

B. Damages for the amount of unpaid overtime compensation owed to Plaintiff;

C. Liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiff;

D. Post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

E. Any and all other such relief this Court may deem to be just, and proper.

## COUNT II – QUANTUM MERUIT

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 36 above, as if set forth fully herein.

48. During various times over the last three (3) years, the Plaintiff routinely performed work in a capacity the Defendants independently contracted with IBOs to perform.

49. The Plaintiff was employed by Defendants as a DSM, however, during various times over the last three (3) years, the Plaintiff routinely performed work outside the scope of his job duties, and responsibilities, as required by Defendants.

50. The Plaintiff routinely worked twenty-five (25) hours, or greater, for Defendants in the exact same capacity as an IBO, in addition to working over forty (40) hours per workweek for Defendants as a DSM.

51. The Plaintiff was never provided with time and one-half his regular rate of pay for hours worked greater than forty (40) in a workweek.

52. The Defendants' conduct, as set forth above, in avoiding overtime compensation through misclassifying the Plaintiff as an "exempt" employee for work performed in the exact same capacity as an IBO, outside the scope of Plaintiff's employment as a DSM, render Defendants liable under the common law doctrine of quantum meruit.

WHEREFORE, the Plaintiff, MARTIN W. BROACH, respectfully requests this Court award the following relief:

A. Judgment against Defendants for failing to compensate Plaintiff all overtime hours at one and one-half the regular rate of pay;

B. Damages for the amount of unpaid overtime compensation owed to Plaintiff;

C. Liquidated damages;

D. Post-judgment interest, reasonable attorneys' fees and costs; and

E. Any and all other such relief this Court may deem to be just, and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: March 13, 2015.

THE SCHWARTZ LAW GROUP, P.A.

Seth Schwartz, Esquire
Florida Bar No.: 739421
Seth@flattorny.net
Jesse Berryman, Esquire
Florida Bar No.: 0098871
jesse@flattorney.net
10365 Hood Road, Suite 104
Jacksonville, FL 32257
Telephone: (904) 292-0222
Facsimile: (904) 292-0044
Service Email: service@flattorney.net
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a true and correct copy of Plaintiff's *Complaint and Demand for Jury Trial* was furnished via Certified U.S. Mail this __13__ day of March, 2015, to: Defendants, Snyder's Lance, Inc., and S-L Distribution Company, Inc., c/o Registered Agent Solutions, Inc., 155 Office Plaza Dr., Ste. A, Tallahassee, FL 32301.

**THE SCHWARTZ LAW GROUP, P.A.**

_____
Seth Schwartz, Esquire